UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
JUN 08 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-315-GWU

DWIGHT ISON, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

## INTRODUCTION

Dwight Ison brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits (DIB). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

> the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
> 6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).
>
> 7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Ison, a 49 year-old former coal mine repairman and construction carpenter with a high school education, suffered from impairments related to a herniated nucleus pulposus of the cervical spine, degenerative disc disease of the lumbar spine and degenerative joint disease of the knee. (Tr. 36, 38). Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.[1] (Tr. 42). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 42). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 40-41).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. The ALJ erred in evaluating the evidence of record relating to Ison's physical condition.

---

[1] The vocational expert indicated that only sedentary level work would be available. (Tr. 759A).

5

However, the current record does not mandate an immediate award of DIB. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

In framing the hypothetical question presented to Vocational Expert Linda Sparrow, the ALJ relied upon the residual functional capacity findings made in an October 22, 2001 denial decision. (Tr. 759A). These restrictions included a limitation to light level work along with such non-exertional limitations as (1) an inability to stand or walk for more than two hours in an eight-hour day; (2) a need to avoid repetitive pushing and pulling with the upper and lower extremities; (3) an inability to more than occasionally climb, balance, stand or crouch; (4) a need to avoid using vibratory tools and equipment; and (5) a need to avoid exposure to humidity and dangerous machinery. (Tr. 759A). In response, the witness identified a significant number of sedentary level jobs which could still be performed. (Tr. 759B).

Principles of res judicata require that the administration be bound by an earlier denial decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-3(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding..." In the present action, the evidence suggests that a change of circumstances in Ison's condition did occur. Therefore, reliance upon the October, 2001 findings was erroneous.

In the October 22, 2001 denial decision, the ALJ gave controlling weight

6

to the opinion of Dr. George Chaney, a treating physician, in determining Ison's residual functional capacity. (Tr. 58). Dr. Chaney indicated that the plaintiff could perform a restricted range of light level work in a November, 2000 assessment. (Tr. 246-248). At this time, the doctor related these restrictions to cervical disc disease and internal derangement of the right knee. (Tr. 247).

In June of 2002, during the time period pertinent to this appeal,[2] Dr. Chaney issued another assessment upon which he identified more severe physical limitations in several areas including (1) an inability to lift more than 10 pounds; (2) an inability to stand or walk for more than a total of three hours in one-hour intervals; and (3) an inability to sit for more than three hours in one-hour intervals. (Tr. 296-298). The doctor now identified lumbar disc disease in support of these limitations. (Tr. 296-297). Thus, this report does suggest a deterioration of the claimant's lumbar spine which would support the existence of more severe physical restrictions.

The Court notes that the ALJ did not state the reasons he was rejecting the limitations identified in June of 2002 by Dr. Chaney. (Tr. 35-42). However, 20 C.F.R. Section 404.1527(d)(2) requires an ALJ to state the reasons for rejecting the opinion of a treating source and the agency's failure to follow its own procedural regulations can constitute reversible error. Wilson v. Commissioner of Social Security, 378 F.3d 541, 544 (6th Cir. 2004).

The only other treating or examining source of record to address the issue of physical restrictions was Dr. Manoochehr Mazloomdoost. Dr. Mazloomdoost identified very severe physical limitations on a January 7, 2003 assessment

---

[2]The ALJ did not reopen the prior application. (Tr. 35). Therefore, the relevant time period runs from October 23, 2001, the day after the earlier final decision through December 31, 2002, when the claimant's DIB-insured status expired. (Tr. 41).

7

form.[3] (Tr. 549-551). The ALJ noted reasons why this opinion would not be considered binding. (Tr. 39). Nevertheless, this report does provide some support to the plaintiff's claim that his physical restrictions were more severe than those found by the ALJ.

The Court notes that Dr. Carlos Hernandez (Tr. 398-408) and Dr. Gary Higgason (Tr. 442-450), the non-examining medical reviewers, each reported the existence of far fewer physical limitations than those found by Dr. Chaney in June of 2002 or Dr. Mazloomdoost in January of 2003. However, their reviews of record occurred in February of 2002 and May of 2002. Thus, neither reviewer had the opportunity to see and comment upon the opinions of Dr. Chaney and Dr. Mazloomdoost, and so, the ALJ could not rely upon them. Barker v. Shalala, 40 F.3d 689, 794 (6th Cir. 1994). The ALJ should at least have sought the advice of a medical advisor who had reviewed the entire record before rejecting the opinions of the treating sources.

The undersigned concludes that the administrative decision should be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant. A separate judgment and order will be entered simultaneously

---

[3] This form was completed after the expiration of the claimant's DIB-insured status on December 31, 2002. However, the doctor clearly based his findings upon treatment which was administered during the relevant time frame and, so, the findings "relate back" to the pertinent time period.

8

consistent with this opinion.

    This the __8__ day of June, 2005.

G. WIX UNTHANK<br>
SENIOR JUDGE